Albert A. Oppido, J.
This is a motion by the defendant for an order (1) granting leave to inspect the Grand Jury minutes or dismissing the indictment on the ground of insufficiency of evidence and (2) dismissing the indictment herein on the ground that the delay in arresting the defendant constitutes a denial of due process of law.
This court after reading the Grand Jury minutes is satisfied that the evidence presented is sufficient to sustain the indictment herein.
The defendant was originally indicted on December 2, 1965 for the crimes allegedly committed on or about August 28, 1965. (Indictment No. 21,918.) Subsequently, on or about April 23, 1966 the defendant was arrested. Thereafter on September 19, 1966 the indictment (Indictment No. 21,918) was dismissed. (People v. McDaniels, Nassau County Court, Judge Kelly, Sept. 19, 1966.)
On October 11,1966 the Nassau County Grand Jury reindicted the defendant under Indictment No. 23,137 for the same crimes which were charged in the original indictment.
The defendant contends that the seven and one-half months’ delay on the part of the police in effecting an arrest constituted a proscription of the due process of law clauses contained in the Federal and New York State Constitutions.
*612 This court does not agree. There was no obligation to arrest the defendant between August 28, 1965 and December 2, 1965. The Supreme Court ■ of the United States recently stated in Hoff a v. United States (385 U. S. 293, 310): “ There is no constitutional right to be arrested. The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long. Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction.”
Moreover, the defendant, through his attorney, acknowledges that the police have a legitimate interest in protecting the identity of an undercover agent for a reasonable period of time. The result of this accepted policy is that arrests are delayed at least until the defendant is indicted.
Thus, the critical period involved herein is from the day of indictment to the date of the arrest, i.e. December 2, 1965 to April 23, 1966, a four and one-half months’ period. Therefore the crucial question is whether the delay of four and one-half months constituted an unreasonable delay in arrest and a violation of the due process clause.
The defendant acknowledges that he changed employment in December of 1965. The District Attorney maintains that the police could not locate the defendant thereafter. It appears from the defendant’s affidavit in support of the instant motion that the defendant held divers jobs at different localities during the seven and one-half months’ period prior to the arrest. Therefore, it does not seem unreasonable that the police would have some difficulty in effecting an arrest. This court is of the opinion that the delay in arrest herein was not unreasonable even though the police detained the defendant in early April. At that time, the police were informed by the Narcotics Squad that there was no warrant lodged against the defendant.
Accordingly, it is ordered that the defendant’s motion is denied in all respects.